UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDY LI,

    Plaintiff,

v.

CONTRA COSTA COUNTY, et al.,

    Defendants.

Case No. 16-cv-02861-EMC

**ORDER OF SERVICE**

Docket No. 1

## I. INTRODUCTION

Andy Li, an inmate at the Martinez Detention Facility in Martinez, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint, Andy Li alleges the following about his medical care at the Martinez Detention Center in Contra Costa County: In November 2015, Mr. Li told nurses Herjinder Dhanoa and Joy Kick that he had eye pains and requested an eye exam. Mr. Dhanoa and Ms. Kick said they would consult Dr. Dennis McBride, but no pain medications were provided. On April 27, 2016, Mr. Li filed a grievance, and nurse Felisa told him to use "'phone' triage sick call," which he did and asked for pain medications while he waited for his optometry appointment. Docket No. 1 at 3. "No actions were taken by nurse Felisa." *Id.* At the highest level of the grievance system, MDF medical health administrator Sam Rosales on May 3, 2016 informed Mr. Li that MDF medical staff would not give him any pain medications. "Contra Costa County condones an unofficial practice and policy of not providing pain medications when requested by it's inmates." *Id.* (error in source).

### III. **DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the complaint states a cognizable Eighth Amendment claim against all the defendants for deliberate indifference to Mr. Li's serious medical needs.[1] The complaint alleges that the three nurses, a doctor and a health administrator have refused to provide medications to relieve the eye pain of which Mr. Li has complained and have failed to schedule an eye exam to deal with the alleged eye pain.

The complaint also adequately alleges a claim under *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978), against Contra Costa County. The County allegedly has a practice and policy of

---

[1] The complaint does not allege whether Mr. Li was a pretrial detainee or a convict at the relevant times. If Mr. Li was a pretrial detainee rather than a convict, his claim would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

allowing jail medical providers not to provide pain medications for inmates, and that allegedly has led to Mr. Li's suffering.

### IV. CONCLUSION

1. The complaint states cognizable claims against the defendants for an Eighth Amendment claim against all the defendants.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants:

- Contra Costa County
- Joy Kick (nurse)
- Herjinder Dhanoa (nurse)
- Nurse Felisa (nurse)
- Dr. Dennis McBride
- Sam Rosales (health administrator)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **December 16, 2016**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 13, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 27, 2017**.

3

1     4.      Plaintiff is provided the following notices and warnings about the procedures for

2 motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

14 If a defendant files a motion for summary judgment for failure to exhaust administrative remedies,

15 he is seeking to have the case dismissed.  As with other defense summary judgment motions, if a

16 motion for summary judgment for failure to exhaust administrative remedies is granted, the

17 plaintiff's case will be dismissed and there will be no trial.

18     5.      All communications by Plaintiff with the Court must be served on a Defendant's

19 counsel by mailing a true copy of the document to the Defendant's counsel.  The Court may

20 disregard any document which a party files but fails to send a copy of to his opponent.  Until a

21 Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly

22 to the Defendant, but once a Defendant is represented by counsel, all documents must be mailed to

23 counsel rather than directly to that Defendant.

24     6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

25 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

26 before the parties may conduct discovery.

27     7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

28 Court informed of any change of address and must comply with the Court's orders in a timely

4

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: September 28, 2016

_____
EDWARD M. CHEN
United States District Judge