UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LI,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 16-cv-02861-EMC<br><br>**ORDER RE UNSERVED DEFENDANTS, DISCOVERY, AND SCHEDULING**<br><br>Docket No. 15 |

Andy Li filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging claims about his medical care at the Martinez Detention Facility in Contra Costa County. This order addresses a service of process problem for three Defendants and Mr. Li's motion to compel discovery responses.

A.    <u>The Claims In This Action</u>

In his complaint, Mr. Li alleges the following about his eye care while he was incarcerated at the Martinez Detention Center ("MDF") in Contra Costa County: In November 2015, Mr. Li requested an optometry examination and complained of pains to nurses Herjinder Dhanoa and Joy Kick. Docket No. 1 at 3. Mr. Dhanoa and Ms. Kick said they would consult Dr. Dennis McBride, but no pain medications were provided. On April 27, 2016, Mr. Li filed a grievance, and nurse Felisa told him to use "'phone' triage sick call," which he did and asked for pain medications while he waited for his optometry appointment. *Id.* "No actions were taken by nurse Felisa." *Id.* At the highest level of the grievance system, MDF medical health administrator Sam Rosales on May 3, 2016 informed Mr. Li that MDF medical staff would not give him any pain medications. "Contra Costa County condones an unofficial practice and policy of not providing pain medications when requested by [its] inmates." *Id.* (Mr. Li had an optometry appointment on

February 17, 2017, several months after he filed this action. *See* Docket No. 20 at 5.)

The Court screened the complaint and found that, liberally construed, the complaint stated cognizable Eighth Amendment claims for deliberate indifference to Mr. Li's serious medical needs. Docket No. 5 at 2. A claim was stated against "the three nurses, a doctor and a health administrator" based on the allegations that they "have refused to provide medications to relieve the eye pain of which Mr. Li has complained and have failed to schedule an eye exam to deal with the alleged eye pain." *Id.* A *Monell* claim was stated against Contra Costa County based on the allegations that the County "has a practice and policy of allowing jail medical providers not to provide pain medications for inmates, and that allegedly has led to Mr. Li's suffering." Docket No. 5 at 2-3 (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)). The Court noted that Mr. Li's claims would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause if he was a pretrial detainee rather than a convict at the relevant time. *Id.* at 2 n.1. The Court ordered service of process on six defendants. *Id.* at 3.

B. The Unserved-Defendants Problem

Three of the six Defendants have not been served with process or appeared in this action. Defendants Contra Costa County, Mr. Dhanoa, and Mr. Rosales were served and have appeared in this action. Defendants nurse Joy Kick, nurse Felisa, and Dr. Dennis McBride have not been served with process or appeared in this action.

On October 17, 2016, the Marshal returned the "Process Receipt and Return" forms for nurse Kick, nurse Felisa, and Dr. McBride, informing the Court that the Marshal had been unable to locate those defendants, as to whom he had attempted service at the Martinez Detention Facility. Docket No. 9. The Marshal made a notation that nurse Kick was "no longer employed at the facility," but provided no details as to why nurse Felisa and Dr. McBride were not served. Docket No. 9 at 1.

The Court sought clarification about the unserved Defendants in a December 6, 2016 order extending deadlines: "Service of process was ordered on six Defendants, but only three of those Defendants have moved for an extension of the deadlines. In order to avoid the potentially

unnecessary effort to make further efforts to serve process on the other Defendants, no later than December 16, 2016, defense counsel must file a notice indicating whether he will be representing the three Defendants who have not yet appeared in this action." Docket No. 13 (emphasis deleted).

Counsel representing the three Defendants who *had* been served filed a response, stating that he did not yet represent any of the unserved Defendants. Defense counsel explained that the unserved Defendants were no longer employed by Contra Costa County, they "must request representation and Contra Costa County Risk Management has to accept the request" before defense counsel could represent those Defendants. Docket No. 14 at 1. Defense counsel was unaware of a request for representation by the unserved Defendants, or that Contra Costa County Risk Management had agreed to accept their defense. *Id.* at 1-2. Additionally, defense counsel represented that he had not been authorized to accept service on behalf of the unserved Defendants. *Id.* at 2.

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Where a prisoner is proceeding *in forma pauperis* and must rely on the Marshal for service of process, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause' for not effectuating timely service.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see e.g., id.* (district court did not err in dismissing defendant where plaintiff "did not prove that he provided the marshal with sufficient information to serve" this particular defendant or that he requested service).

Service of process has not occurred within ninety days of the date the court ordered service of process on the three unserved Defendants. Although it is the Marshal's duty to serve process when a prisoner-plaintiff is proceeding as a pauper, the Marshal's ability to do so depends on a plaintiff providing sufficient information about a defendant for the Marshal to find the defendant

3

to serve him or her. It appears that Mr. Li has not done so here, because the Marshal has been unable to serve process at the only address mentioned in Mr. Li's complaint and using the names he provided in his complaint.

Accordingly, no later than **July 21, 2017**, Mr. Li must provide information (a) further identifying nurse Felisa, whose last name he did not provide, and (b) providing an address at which each of the three unserved Defendants may be served with process. There are many ways Mr. Li might attempt to learn this information. For example, he could do an internet search (which should be easy, as he is no longer in custody), submit a discovery request to the Defendants who already have been served in this action, subpoena personnel records from the jail, contact the Contra Costa County personnel department, or contact the licensing agencies for doctors and nurses. It is Mr. Li's obligation, not the Court's, to gather this information. In the alternative to providing the information, Mr. Li must show cause by that same deadline why he has not provided the information needed to locate the unserved Defendants and serve process on them. If Mr. Li fails to provide sufficient information to enable service of process to be accomplished on the unserved Defendants, the unserved Defendants will be dismissed without prejudice unless Mr. Li shows cause for his failure to provide the information.

C.  Plaintiff's Motion To Compel Discovery Responses

1.  The Dispute

Mr. Li sent a request for production of documents and things to defense counsel on or about December 26, 2016. Docket No. 17-1 at 2. Mr. Li requested three items, only the last two of which are in dispute:

> # 1. My medical records and history at MDF and medical grievances.
>
> # 2. MDF to compile a complete list of inmates who requested, optometry service in the form of Inmate name, date requested optometry and date received optometry service for a period of five years, from January 1, 2012 to January 1, 2017.
>
> # 3. CCRMC to compile a complete list of <u>all</u> inmates who, requested optometry service, in the form of Inmate name, date requested optometry and date received optometry service. For a period of five years, from January 1, 2012 to January 1, 2017.

4

1  Docket No. 17-1 at 2 (errors in source). (MDF referred to Martinez Detention Facility, and
2  CCRMC referred to Contra Costa Regional Medical Center.) Mr. Li's request instructed
3  Defendants to produce the documents by February 6, 2017, and to notify him within five business
4  days of any "objections to their production." *Id.* He warned that, "[i]n the event defendants do
5  objects, I will seek judicial intervention." *Id.*

6  On January 12, 2017, defense counsel sent a letter to Mr. Li, agreeing to produce records responsive to Request # 1, but objecting to Requests # 2 and # 3. According to defense counsel explained that Requests # 2 and # 3 sought "sensitive medical information relating to other inmates" and that "production of the information in the manner requested would violate the physician/patient privilege, HIPPA medical information privacy rules, and the inmates' right to privacy under the U.S. and California Constitutions." Docket No. 17-1 at 4. Defense counsel also objected that the requests were overly broad in that they sought information predating Mr. Li's October 2, 2015 arrival at the jail. *Id.* at 4-5. Defense counsel offered to produce some of the information, consistent with the discovery order in another case -- i.e., the *Wong v. Kick* case discussed later in this order --for similar optometry-related records. Defense counsel proposed to produce the information sought in Requests # 2 and # 3, provided that (1) the inmate/patient's name is replaced with a unique identifying label; (2) the "County only has to produce information related to the date that the inmate/patient first requested an optometry appointment and the date that the inmate/patient was seen by the optometrist; and (3) the time period of this request is limited to October 2, 2015, to January 1, 2017." *Id.* at 5. Defense counsel did not object to providing "lists," which might involve some computations or organization of information. Defense counsel asked Mr. Li to sign and agree to the Northern District's Model Protective Order before the information was produced. *Id.*

Without making any effort to respond to defense counsel's proposal, Mr. Li immediately filed a motion to compel. Docket No. 15. Mr. Li wrote that the five-year period of information was necessary so that he could "establish a fact of existing pattern of practices of inadequate optometry to inmates." *Id.* at 3.

Defendants opposed the motion to compel, arguing that it was premature because Mr. Li

filed his motion to compel before he made a good-faith effort to meet and confer to try to resolve the discovery dispute, and before Defendants' date to produce the requested documents had arrived. Defendants also objected that the motion was procedurally defective in that it did not comply with the Court's Civil Standing order On Discovery, No. 4, which required a joint letter brief to be filed with the Court.

2. Analysis

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Such information need not be admissible in evidence to be discoverable. *Id.*

The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. *See* Fed. R. Civ. P. 37(a)(1); N. D. Cal. Local Rule 37-1(a).

Mr. Li failed to make a good faith effort to meet and confer. He made no effort to respond to Defense counsel's letter proposing a compromise on the medical information about other inmates. In support of his motion to compel, he offers various theories as to why the motion was not premature, e.g., he "was not letting discovery time waste;" his discovery request itself satisfied the meet-and-confer requirement; and Defendants' January 12, 2017 letter (which Mr. Li did not respond to) satisfied the requirement. *Id.* at 3-4. But none of his theories are convincing, and all reflect a desire to avoid any effort to narrow the scope of the discovery dispute, and thrust that responsibility onto the Court. Mr. Li simply chose not to make a good faith effort to meet and confer. For that reason, his motion to compel could be denied. Nonetheless, in the interests of

1  judicial economy, the Court will resolve the dispute.[1]  However, in the future, any failure to meet
2  and confer in good faith will result denial of the motion.

The Court's resolution of the discovery dispute is largely guided by the resolution of a very similar dispute in another case in this district, *Kam Wong v. Joy Kick*, N.D. Cal. Case No. 14-cv-4760 JST ("*Wong v. Kick*").  There, the plaintiff complained that officials at the Martinez Detention Facility had made him wait approximately seventeen months (from his April 5, 2013 request, until his appointment on August 23, 2014) for an optometry appointment, and had failed to prescribe pain medication.  *See* Docket No. 89 at 1-2 in *Wong v. Kick*.  The plaintiff made a discovery request for (among other things) MDF and CCRMC to compile lists of inmates who requested optometry examinations in the period from March 2012 to March 2016, with the list including each inmate's first initial and last name, file number, date of referral, and date of completion of the optometry examination.  *See id.* at 2-6 and 7.

In *Wong v. Kick*, Judge Tigar determined that the requested information was relevant as to insofar as it pertained to the time period leading up to the date of the plaintiff's optometry examination; waiting periods after that plaintiff received his optometry appointment were not relevant to that plaintiff's Eighth Amendment claim or whether there was a policy in place that caused the deliberate indifference to that plaintiff's specific medical need.  *Id.* at 3-4.  Judge Tigar then analyzed several privilege and privacy objections, and determined that the defendants' assertion of privacy concerns weighed in favor of a limited disclosure of the information, with a protective order:

> Defendants may not rely on the physician-patient privilege to withhold records.  Assertions of privileges in federal question cases are governed by federal common law.  Fed. R. Evid. 501.  The physician-patient privilege is not recognized by federal common law, federal statute, or the U.S. Constitution.  *Soto* [*v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995).]
>
> Nor may Defendants rely on HIPAA [i.e., the Health Insurance Portability and Accountability Act, Pub.L. No. 104–191, 110

---

[1] Defendants also argue that Mr. Li failed to comply with paragraph 4 of the undersigned's Civil Standing Order On Discovery, which directs the parties to file a joint letter brief.  Because Mr. Li was incarcerated and proceeding *pro se* (and may not even have been aware of the Standing Order), the Court will overlook that procedural deficiency.

7

> Stat.1936 (1996) (codified at various sections of Titles 18, 29, and 42 of the United States Code)] to withhold records. HIPPA allows Contra Costa County to disclose protected health information in the course of a judicial proceeding in response to a discovery request if reasonable efforts have been made to secure a qualified protective order that prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation for which such information was requested, and requires that the protected health information be returned to the covered entity or destroyed at the end of the litigation. 45 C.F.R. § 164.512(e). While there is a right of privacy under both the federal constitution and the California constitution, Cal. Const., Article I, § 1; *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) (right to privacy is implied in the 1st, 3rd, 4th, 5th, and 9th Amendments*); see also Heda v. Sup. Ct.,* 275 Cal. Rptr. 136, 137 (Cal. Ct. App. 1990) (privacy right created by California Constitution extends to patient's medical history), privacy interests may be invaded for litigation purposes, *see generally Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted. The privacy objection also must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations . . ." *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) (internal citation and quotations omitted). To the extent that Defendants' assertion of a right of privacy is subject to a balancing test, it weighs in favor of limited disclosure and a protective order. *Id.*
>
> Accordingly, the Court GRANTS in part Plaintiff's motion to compel further responses to RFP No. 1. Defendants shall draft a protective order that addresses their concerns regarding patient privacy rights and HIPPA. CCRMC shall compile a complete list of inmates who sought optometry appointments between March 2012 and August 23, 2014. CCRMC need not provide the inmate's initials, names, or medical record number. Instead, CCRMC may assign each inmate a unique identifying label of its choice. CCRMC shall specify the date the inmate first requested an optometry appointment, and the date the inmate was provided an optometry appointment.

Docket No. 89 at 5-6 in *Wong v. Kick* (footnotes omitted). Judge Tigar also required MDF to create the same list as required from CCRMC. *Id*. at 7. Judge Tigar later modified the starting date, so that the records to be produced did not include records from March through June 2012, because those records had not been kept electronically and assembling the information for that time frame would be unduly burdensome. Docket No. 105 at 4-5 in *Wong v. Kick*.

The approach taken by Judge Tigar appears to be a sound one and will be adopted in this case. Accordingly, the Court will GRANT in limited part Mr. Li's motion to compel. (Docket No. 15.) First, within **ten** days of the date of this order, defense counsel must send to Mr. Li a

1 proposed stipulated protective order, using the Northern District's Model Protective Order for
2 Standard Civil Litigation as a guide, to address their concerns regarding HIPAA and patient
3 privacy rights. Within **ten days** of his receipt of the proposed stipulated protective order, Mr. Li
4 must (a) review, sign and return that proposed stipulated protective order to defense counsel to
5 show his agreement to its terms or (b) contact defense counsel to meet and confer to resolve any
6 disagreement they have as to the stipulated protective order. Within **ten days** after it is executed,
7 defense counsel must file the stipulated protective order. Second, within **twenty days** after filing
8 the stipulated protective order, Defendants must provide the information requested by Mr. Li's
9 Requests # 2 and # 3 in the following manner: (1) the inmate/patient's name is replaced with a
10 unique identifying label (such as a number or other designation); (2) Defendants only have to
11 produce information related to the date that the inmate/patient first requested an optometry
12 appointment and the date that the inmate/patient was seen by the optometrist; and (3) the
13 information/documents must be produced for the time period from January 1, 2014 through
14 January 31, 2017.[2]

D. Scheduling on Dispositive Motion And Miscellaneous Matters

The discovery responses may cause the parties to want to provide further evidence and/or argument regarding Defendants' pending motion for summary judgment. If Mr. Li wants to present further argument and/or evidence in opposition to Defendants' motion for summary judgment, he may file and serve a sur-reply no later than **August 18, 2017.** The sur-reply may only present arguments (not to exceed ten pages) and evidence related to the discovery responses to Requests # 2 and # 3. Any arguments unrelated to these discovery responses will not be

---

[2] In the January 12, 2017 letter to Mr. Li, defense counsel proposed to provide information limited to the time period from and after October 2, 2015, when Mr. Li arrived at the jail. This order requires Defendants' discovery response to include the time period starting about eighteen months earlier (i.e., on January 1, 2014) through the end of the month in which Mr. Li received his optometry appointment (i.e., January 2017). This longer time period is proportional to the needs of the case, and is appropriate given Mr. Li's interest in attempting to show a pattern of delayed optometry appointments. Due to the reportedly long waits for optometry appointments -- Mr. Li indicates he waited fourteen months and another inmate waited eighteen months, Docket No. 15 at 4 -- a larger window of time is appropriate so that any pattern that may exist can be seen more clearly. This is not to say that a pattern of long waits for optometry appointments would alone necessarily establish a constitutional violation, but simply that a large window of time will enable one to discern any pattern that does exist.

9

considered. If Mr. Li files a sur-reply, any rebuttal from Defendants to that sur-reply must be filed and served no later than **August 28, 2017**.

Mr. Li is cautioned that, because he is no longer in custody, he must be sure that his sur-reply is filed and served on or before the deadline, not simply mailed to the Court on or before the deadline.

Finally, it is not entirely clear to the Court what Mr. Li's custodial status was at the relevant time. In one filing, he wrote that he was "a federal inmate held in another county's detention prior to being transferred to MDF on October 2, 2015." Docket No. 28 at 2. His statement that he came from another county's detention suggests he might have been serving a sentence at the same time he was a pretrial detainee. Therefore, no later than **August 18, 2017**, Mr. Li must file a short document (which he might label as a "notice of custodial status") in which he explains whether he was in custody as *only* a pretrial detainee at the relevant time, or was also serving a sentence pursuant to a criminal conviction during part or all of that time. If he was serving a sentence, he needs to provide the date of conviction and the terms of his sentence.

**IT IS SO ORDERED**.

Dated: June 12, 2017

_____
EDWARD M. CHEN
United States District Judge